IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUXOTTICA GROUP S.p.A. and OAKLEY, INC., | ) ) ) | Case No. 16-cv-00487 |
| Plaintiffs, | ) ) ) | **Judge Manish S. Shah** |
| v. | ) ) ) | **Magistrate Judge Sheila Finnegan** |
| HAO LI, et al., | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' RULE 56.1 STATEMENT OF MATERIAL FACTS IN
SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT
AND A STATUTORY DAMAGES AWARD AS TO THE DEFENDANT
IDENTIFIED BY AND OPERATING AT LEAST THE INTERNET STORES
<u>DEALSGOING, SFCDIRECT AND UPTOGETHERTEK</u>**

Pursuant to Local Rule 56.1(a)(3), Plaintiffs Luxottica Group S.p.A. and Oakley, Inc.[1] (collectively, "Luxottica" or "Plaintiffs") submit this Statement of Material Facts in support of their Motion for Summary Judgment and a Statutory Damages Award as to the Defendant identified by and operating at least the Internet Stores dealsgoing, sfcdirect and uptogethertek ("Defendant").

1. Luxottica holds numerous U.S. federal trademark registrations for its trademarks, including U.S. Registration No. 595,513 for the WAYFARER mark (hereinafter, the "WAYFARER Trademark"). Declaration of John J. Stewart ("Stewart Dec.") [14] at ¶ 7.

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 595,513 | WAYFARER | For: Sunglasses in class 9. |

The above registration for the WAYFARER Trademark is valid, subsisting, and in full force and

---

[1] Plaintiff Oakley, Inc. ("Oakley"), is an indirect, wholly-owned subsidiary of Luxottica.

effect. *Id*. at ¶ 8. Pursuant to 15 U.S.C. § 1065, the WAYFARER Trademark is incontestable. Declaration of Allyson Martin at ¶ 6. Incontestable status under 15 U.S.C. § 1065 provides that the registration for the WAYFARER Trademark is conclusive evidence of the validity of Luxottica's registered trademark and of the registration of the mark, of Luxottica's ownership of the trademark, and of Luxottica's exclusive right to use the mark in commerce. *Id*.; 15 U.S.C. §§ 1115(b), 1065.

2.  Defendant was advertising, offering for sale, and selling products using plain text counterfeit versions of Luxottica's federally registered WAYFARER Trademark through the Online Marketplace Account identified as dealsgoing at the URL ebay.com/usr/dealsgoing. Stewart Dec. [14] at ¶ 27 and the corresponding exhibit at [30-5], Unsealed Exhibit 5 — Part 125, pp. 53-60. Specifically, Defendant offered for sale sunglasses using counterfeits of the WAYFARER Trademark for $3.03 CAD (approximately $2.26 USD). *Id.* Defendant identified the product as "Vintage 1980's Wayfarer Fashion Sunglasses Dark Lens Black Frame Unisex." *Id*. Luxottica examined the images of the sunglasses shown on the Online Marketplace Account identified as dealsgoing at the URL ebay.com/usr/dealsgoing and determined the products were not licensed or authorized by Luxottica, and therefore counterfeit. *Id*. Luxottica's investigator purchased products offered for sale on the Online Marketplace Account identified as dealsgoing at the URL ebay.com/usr/dealsgoing. *Id*.

3.  Defendant was advertising, offering for sale, and selling products using plain text counterfeit versions of Luxottica's federally registered WAYFARER Trademark through the Online Marketplace Account identified as sfcdirect at the URL ebay.com/usr/sfcdirect. Stewart Dec. [14] at ¶ 27 and the corresponding exhibit at [30-7], Unsealed Exhibit 5 — Part 127, pp. 220-228. Specifically, Defendant offered for sale sunglasses using counterfeits of the WAYFARER

Trademark for $2.36. *Id*. Defendant identified the product as "Fashion Sunglasses Wayfarer Style Black Frame w/ Dark Lens Retro Square Glasses." *Id*. Luxottica examined the images of the sunglasses shown on the Online Marketplace Account identified as sfcdirect at the URL ebay.com/usr/sfcdirect and determined the products not licensed or authorized by Luxottica, and therefore were counterfeit. *Id*. Luxottica's investigator purchased products offered for sale on the Online Marketplace Account identified as sfcdirect at the URL ebay.com/usr/sfcdirect. *Id*.

4. Defendant was advertising, offering for sale, and selling products using plain text counterfeit versions of Luxottica's federally registered WAYFARER Trademark through the Online Marketplace Account identified as uptogethertek at the URL ebay.com/usr/uptogethertek. Stewart Dec. [14] at ¶ 27 and the corresponding exhibit at [30-8], Unsealed Exhibit 5 — Part 128, pp. 143-151. Specifically, Defendant offered for sale sunglasses using counterfeits of the WAYFARER Trademark for $2.31 USD. *Id*. Defendant identified the product as "Vintage 1980's Wayfarer Fashion Sunglasses Dark Lens Black Frame Mens Womens." *Id*. Luxottica examined the images of the sunglasses shown on the Online Marketplace Account identified as uptogethertek at the URL ebay.com/usr/uptogethertek and determined the products not licensed or authorized by Luxottica, and therefore were counterfeit. *Id*. Luxottica's investigator purchased products offered for sale on the Online Marketplace Account identified as uptogethertek at the URL ebay.com/usr/uptogethertek. *Id*. The Online Marketplace Account identified as dealsgoing at the URL ebay.com/usr/dealsgoing, the Online Marketplace Account identified as sfcdirect at the URL ebay.com/usr/sfcdirect, and the Online Marketplace Account identified as uptogethertek at the URL ebay.com/usr/uptogethertek are collectively referred to herein as the "Defendant Internet Stores."

5. Luxottica has not authorized or licensed the Defendant to use the WAYFARER Trademark on the Defendant Internet Stores. Stewart Dec. [14] at ¶ 27. Defendant is not an authorized retailer of genuine Luxottica products, and the products offered for sale on the Defendant Internet Stores are not genuine Luxottica products. *Id.*

6. Defendant's counterfeiting operation consists of multiple Online Marketplace Accounts, including the Defendant Internet Stores, and using multiple different PayPal accounts to sell products over the Internet to the United States, including Illinois residents. Amended Complaint [9] at ¶ 2; Stewart Dec. [14] at ¶ 27. The Defendant Internet Stores offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and have advertised and offered for sale products using counterfeit versions of the WAYFARER Trademark to residents of Illinois. *Id.*

Dated this 24th day of March 2016.    Respectfully submitted,

/s/ Justin R. Gaudio
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Jessica L. Bloodgood
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
kguynn@gbclaw.net
aziegler@gbclaw.net
jgaudio@gbclaw.net
jbloodgood@gbclaw.net

*Counsel for Plaintiffs
Luxottica Group S.p.A. and Oakley, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of March 2016, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the attorneys of record in this case.

/s/ Justin R. Gaudio
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Jessica L. Bloodgood
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
kguynn@gbclaw.net
aziegler@gbclaw.net
jgaudio@gbclaw.net
jbloodgood@gbclaw.net

*Counsel for Plaintiffs*
*Luxottica Group S.p.A. and Oakley, Inc.*
