**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LUXOTTICA GROUP S.p.A. and OAKLEY, INC., | ) ) ) | Case No. 16-cv-00487 |
| Plaintiffs, | ) ) | **Judge Manish S. Shah** |
| v. | ) ) | **Magistrate Judge Sheila Finnegan** |
| HAO LI, et al. | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS LOCAL RULE 56.1(B)(3) RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND LOCAL RULE 56.1.(B)(3)(C) STATEMENT OF ADDITIONAL FACTS REQUIRING THE DENIAL OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The eBay.com stores DEALSGOING, SFCDIRECT and UPTOGETHERTEK (the "Defendants"), by their counsel hereby submit their Local Rule 56.1(b)(3) Response to Plaintiff's Statement of Undisputed, Material Facts and their Local Rule 56.1(b)(3)(c) Statement of Additional Undisputed Material Facts Requiring the Denial of Plaintiff's Motion for Summary Judgment as follows.

1. Luxottica holds numerous U.S. federal trademark registrations for its trademarks, including U.S. Registration No. 595,513 for the WAYFARER mark (hereinafter, the "WAYFARER Trademark"). Declaration of John J. Stewart ("Stewart Dec.") [14] at ¶ 7.

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 595,513 | WAYFARER | For: Sunglasses in class 9. |

The above registration for the WAYFARER Trademark is valid, subsisting, and in full force and effect. *Id*. at ¶ 8. Pursuant to 15 U.S.C. § 1065, the WAYFARER Trademark is incontestable. Declaration of Allyson Martin at ¶ 6. Incontestable status under 15 U.S.C. § 1065 provides that the registration for the WAYFARER Trademark is conclusive evidence of the validity of Luxottica's registered trademark and of the registration of the mark, of Luxottica's ownership of the trademark, and of Luxottica's exclusive right to use the mark in commerce. *Id.*; 15 U.S.C. §§ 1115(b), 1065.

**Response:** Undisputed.

2. Defendant was advertising, offering for sale, and selling products using plain text

counterfeit versions of Luxottica's federally registered WAYFARER Trademark through the Online Marketplace Account identified as dealsgoing at the URL ebay.com/usr/dealsgoing. Stewart Dec. [14] at ¶27 and the corresponding exhibit at [30-5], Unsealed Exhibit 5 — Part 125, pp. 53-60. Specifically, Defendant offered for sale sunglasses using counterfeits of the WAYFARER Trademark for $3.03 CAD (approximately $2.26 USD). *Id.* Defendant identified the product as "Vintage 1980's Wayfarer Fashion Sunglasses Dark Lens Black Frame Unisex." *Id*. Luxottica examined the images of the sunglasses shown on the Online Marketplace Account identified as dealsgoing at the URL ebay.com/usr/dealsgoing and determined the products were not licensed or authorized by Luxottica, and therefore counterfeit. *Id*. Luxottica's investigator purchased products offered for sale on the Online Marketplace Account identified as dealsgoing at the URL ebay.com/usr/dealsgoing. *Id*.

**Response:** Disputed as to usage of the term "counterfeit" and clarified for lack of intent to infringe, because Defendant merely selected one of the eBay categories available for the listing. Sun Aff. at ¶¶7, 8. Undisputed as to the other facts.

3. Defendant was advertising, offering for sale, and selling products using plain text counterfeit versions of Luxottica's federally registered WAYFARER Trademark through the Online Marketplace Account identified as sfcdirect at the URL ebay.com/usr/sfcdirect. Stewart Dec. [14] at ¶27 and the corresponding exhibit at [30-7], Unsealed Exhibit 5 — Part 127, pp. 220-228 Specifically, Defendant offered for sale sunglasses using counterfeits of the WAYFARER Trademark for $2.36. *Id.* Defendant identified the product as "Fashion Sunglasses Wayfarer Style Black Frame w/ Dark Lens Retro Square Glasses." *Id*. Luxottica examined the images of the sunglasses shown on the Online Marketplace Account identified as sfcdirect at the URL ebay.com/usr/sfcdirect and determined the products not licensed or authorized by Luxottica, and therefore were counterfeit. *Id*. Luxottica's investigator purchased

products offered for sale on the Online Marketplace Account identified as sfcdirect at the URL ebay.com/usr/sfcdirect. *Id*.

**Response:** Disputed as to usage of the term "counterfeit" and clarified for lack of intent to infringe, because Defendant merely selected one of the eBay categories available for the listing. Sun Aff. at ¶¶7, 8. Undisputed as to the other facts.

4. Defendant was advertising, offering for sale, and selling products using plain text counterfeit versions of Luxottica's federally registered WAYFARER Trademark through the Online Marketplace Account identified as uptogethertek at the URL ebay.com/usr/uptogethertek. Stewart Dec. [14] at ¶27 and the corresponding exhibit at [30-8], Unsealed Exhibit 5 — Part 128, pp. 143-151. Specifically, Defendant offered for sale sunglasses using counterfeits of the WAYFARER Trademark for $2.31 USD. *Id.* Defendant identified the product as "Vintage 1980's Wayfarer Fashion Sunglasses Dark Lens Black Frame Mens Womens." *Id*. Luxottica examined the images of the sunglasses shown on the Online Marketplace Account identified as uptogethertek at the URL ebay.com/usr/uptogethertek and determined the products not licensed or authorized by Luxottica, and therefore were counterfeit. *Id*. Luxottica's investigator purchased products offered for sale on the Online Marketplace Account identified as uptogethertek at the URL ebay.com/usr/uptogethertek. *Id*. The Online Marketplace Account identified as dealsgoing at the URL ebay.com/usr/dealsgoing, the Online Marketplace Account identified as sfcdirect at the URL ebay.com/usr/sfcdirect, and the Online Marketplace Account identified as uptogethertek at the URL ebay.com/usr/uptogethertek are collectively referred to herein as the "Defendant Internet Stores."

**Response:** Disputed as to usage of the term "counterfeit" and clarified for lack of intent to infringe, because Defendant merely selected one of the eBay categories available for the

listing. Sun Aff. at ¶¶7, 8. Undisputed as to the other facts.

5.  Luxottica has not authorized or licensed the Defendant to use the WAYFARER Trademark on the Defendant Internet Stores. Stewart Dec. [14] at ¶27. Defendant is not an authorized retailer of genuine Luxottica products, and the products offered for sale on the Defendant Internet Stores are not genuine Luxottica products. *Id.*

**Response:** Undisputed.

6.  Defendant's counterfeiting operation consists of multiple Online Marketplace Accounts, including the Defendant Internet Stores, and using multiple different PayPal accounts to sell products over the Internet to the United States, including Illinois residents. Amended Complaint [9] at ¶2; Stewart Dec. [14] at ¶27. The Defendant Internet Stores offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and have advertised and offered for sale products using counterfeit versions of the WAYFARER Trademark to residents of Illinois. *Id.*

**Response:** Disputed as to usage of the terms "counterfeit" and "counterfeiting operation" and clarified for lack of intent to infringe. Defendant is a re-seller of unbranded products, and has over 20,000 items in various product categories in its online shops. Sun Aff. ¶¶2, 3. Defendant merely selected one of the eBay categories available for the listing at issue in this case. Sun Aff. at ¶¶7, 8. Undisputed as to the other facts.

### Local Rule 56.1(b)(3)(C) Statement of Additional Facts

Defendants hereby assert the following additional, undisputed material facts that require the denial of Plaintiff's Motion for Summary Judgment:

7. The Defendant Internet Stores sell over twenty thousand (20,000) different items in more than ten categories, including collectables, clothing, jewelry, home & garden, pet supplies, musical instruments, sporting goods, toys & hobbies, health & beauty, and crafts. Sun Aff. at ¶2. They are re-sellers of the products they sell, and are not manufacturers. Sun Aff. at ¶3.

8. The Defendant Internet Stores sell unbranded products. They have hiring and training procedures in place so that employees understand not to list or sell products that infringe on the intellectual property rights of others. Sun Aff. at ¶¶3-7. In the event they are contacted about a possible infringement, the item at issue is removed from listing and entered into a database that is accessible to all employees. Sun Aff. at ¶5.

9. At the time of listing, eBay designated fourteen style filters for sunglasses such as: "aviator," "butterfly," "cat eye," "designer," "oval," "rectangular," "rimless," "round," "shield," "sport," "square," "wayfarer," "wrap," and "not specified." Sun Aff. at ¶9. Furthermore, when the "wayfarer" style filter is applied to a unisex sunglasses search on eBay, there are over one hundred (100) brand filters remaining to choose from, including RAY-BAN as well as "unbranded" and "not specified." *Id.* Defendant never used the brand name RAY-BAN. Additionally, Plaintiff's Verified Rights Owner page for "Luxottica Retail" does not state the brand "Wayfarer" as being among its brands. .Impliedly, this omission of wayfarer on Plaintiff's page is close to actual notice by Plaintiff to resellers that the eBay categorization of wayfarer as a mere style is correct and wayfarer is not protected by Plaintiff under any trademark.
Sun Aff. at ¶11

10. Neither the Plaintiff, Plaintiff's agents or eBay's Verified Rights Owners team

contact the Defendants about removing any disputed listings prior to initiating this proceeding. Sun Aff. at ¶10. The Defendants immediately removed the listings upon receiving notice of this lawsuit. *Id.*

Dated this 19th day of April 2016.    Respectfully submitted,

                                                  ___/s/_ Jeffrey S. Firestone_____
                                                  Jeffrey S. Firestone
                                                  Attorney for Defendants
                                                  P.O. Box 111
                                                  New Paltz, NY 12561
                                                  China Phone: 011 86 137 142 66 915
                                                  USA Tel: 1 310 628 0808
                                                  Lawyer8@hotmail.com
                                                  Illinois Attorney number 3121709

CERTIFICATE OF SERVICE

The undersigned hereby certifies that April 19th, 2016, I caused the foregoing to be filed via the CM/ECF system and served on opposing counsel via electronic notification.

I declare under penalty of perjury under the laws of the United States and the State of Illinois that the foregoing is true and correct.

___/s/_ Jeffrey S. Firestone_____